**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4389**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ANTOINE GAUSE,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:16-cr-00123-BO-1)

Submitted: March 19, 2018                        Decided: March 28, 2018

Before NIEMEYER and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Gause pleaded guilty to two counts of distribution of heroin, in violation of 21 U.S.C. § 841(a) (2012). The district court adopted the advisory Guidelines range of 10 to 16 months of imprisonment from the presentence report, but sentenced Gause significantly above that range to 120 months of imprisonment. Gause now appeals, challenging the substantive reasonableness of the variant sentence. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir.), *cert. denied*, 136 S. Ct. 1833 (2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then "'consider[] the substantive reasonableness of the sentence imposed.'" *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007) (quoting *Gall*, 128 S. Ct. at 597).

"In reviewing a sentence outside the Guidelines range, we give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation

2

marks omitted).  "And even though we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence."  *Id.* (internal quotation marks omitted); *see also Evans*, 526 F.3d at 160 ("[A]n appellate court *must* defer to the trial court and can reverse a sentence *only* if it is unreasonable, even if the sentence would not have been the choice of the appellate court.") (emphasis in original).  When a district court imposes a variant or departure sentence, it must provide a sufficient justification to support the degree of variance, although need not find that extraordinary circumstances exist.  *Evans* at 161.

We have thoroughly reviewed the record and conclude that the court did not abuse its discretion in imposing the variant sentence in this case.  Section 3553(a) directs a district court to impose a sentence sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with any needed training or treatment.  18 U.S.C. § 3553(a)(2).  In fashioning a sentence, the court shall consider the nature and circumstances of the offense and the defendant's history and characteristics, the kinds of sentences available, the advisory Guidelines range and any pertinent policy statements from the Guidelines, the need to avoid unwarranted sentencing disparities between similarly-situated defendants, and the need to provide restitution to any victims.  18 U.S.C. § 3553(a).

Here, the court relied chiefly on Gause's criminal history and recidivism, the failure of prior lesser sentences to deter Gause from criminal behavior, the failure of the

3

Guidelines to account for the seriousness and extent of Gause's criminal conduct and criminal history, and the need to protect the public from Gause's continued criminal behavior and to deter others from similar criminal conduct. Gause had a significant criminal history dating back to the age of 14, which included offenses involving drugs and firearms, some of which were not scored under the Guidelines due to their age. In addition, Gause had been engaged in the distribution of heroin dating back to at least 2008, when he was convicted of conspiracy to sell and deliver heroin.

Based on the court's analysis of the statutory factors, we conclude that the court did not place disproportionate weight on the sentencing factors it deemed most important, and did not fail to take into account mitigating circumstances cited by Gause. Although the sentence is significantly higher than the advisory Guidelines range, based on the totality of the circumstances cited by the district court, we cannot conclude that it is substantively unreasonable.

Accordingly, we affirm the judgment of the district court and deny Gause's motion to expedite the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*